UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-3958(DSD/JSM)

John Vincent Eggers,

      Petitioner,

v.                                                           **ORDER**

United States of America,

      Respondent.

This matter is before the court upon petitioner John Vincent Eggers's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Based upon the file, record and proceedings herein and in Criminal No. 00-363(DSD/JMM), the court grants the § 2241 petition in part and dismisses the § 2241 petition without prejudice in part.

**BACKGROUND**

On May 23, 2001, the court sentenced petitioner in Criminal No. 00363(DSD/JMM) to a term of imprisonment of 108 months for aiding and abetting possession with intent to distribute methamphetamine. Prior to sentencing, while on pretrial release, petitioner engaged in conduct that gave rise to state court charges and was taken into the custody of the state of Minnesota. On January 16, 2001, Magistrate Judge J. Earl Cudd ordered that a warrant be issued for petitioner's arrest based upon alleged

violations of the conditions of his pretrial release. On January 24, 2001, police officers of the Coon Rapids Police Department, Coon Rapids, Minnesota, arrested petitioner on the outstanding warrant. As a result of petitioner's conduct during that arrest, he was charged with fourth degree drug possession and second degree assault of a police officer in Anoka County District Court.

At the time the court sentenced petitioner, the court was aware of his conduct on pretrial release. (See PSR ¶ 34.) Prior to sentencing, the court held an evidentiary hearing and received into evidence the police report of the January 24 events. Based on petitioner's conduct during his arrest, the court enhanced his base offense level by two levels for obstruction of justice pursuant to Sentencing Guidelines section 3C1.1.

At the time of sentencing, petitioner was in the primary jurisdiction of Minnesota authorities and in federal custody for sentencing pursuant to a writ of habeas corpus *ad prosequendum*. Following sentencing, petitioner was returned to Minnesota authorities and the court's Judgment and Commitment was filed as a detainer by the United States Marshal Service. The court did not order that the 108-month term of imprisonment be served concurrently to any other term of imprisonment because as of May 23, 2001, petitioner did not have an outstanding term of imprisonment in any other case.

On June 1, 2001, petitioner was sentenced in Anoka County District Court to a term of 78 months imprisonment on the state court charges that resulted from his conduct during pretrial release in Criminal No. 00-363(DSD/JMM). The state court ordered the state sentence be served concurrently with the 108-month term of imprisonment imposed by this court in Criminal No. 00-363(DSD/JMM). Petitioner was committed to state custody and admitted to the Minnesota Department of Corrections following sentencing on the state court charges. He did not enter federal custody until July 25, 2005, when he was paroled to the custody of the United States Marshal Service to commence his federal term of imprisonment.[1] Upon his release from state custody, the Bureau of Prisons ("BOP") did not credit petitioner's federal sentence with the time that he served on his state sentence. Petitioner was designated a prison outdate of March 23, 2013. (Pet. at ¶ 7.)

On June 30, 2006, petitioner requested an administrative remedy from the warden's office, seeking credit for the time he served on his state sentence. (Id.) Specifically, petitioner sought a *nunc pro tunc* designation to a state court facility so that he would be deemed to have commenced his federal term of imprisonment at the time he entered state custody. (Id.) On

---

[1] "A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to ... the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a).

3

August 7, 2006, the warden denied his request on the basis that a *nunc pro tunc* designation could not be granted at the institutional level.  The warden further explained that because this court did not order that the terms of imprisonment run concurrently, the court's silence was construed to mean that the terms are to run consecutively.[2]  Therefore, the warden concluded that petitioner's federal term of imprisonment properly commenced on May 25, 2005. (See id. Ex. 1.)

On October 3, 2006, petitioner filed the instant § 2241 petition.  Petitioner argues that it was the intent of the court that his federal term of imprisonment be served concurrently with his state court term of imprisonment and therefore he is entitled to a *nunc pro tunc* designation and credit for the time he served in state custody.  Petitioner asserts that no further administrative remedies are available to him to redress the custody problem and moves the court to order the Bureau of Prisons to credit the time petitioner spent in state court custody towards his federal sentence.  Alternatively, petitioner moves the court to issue a modified Judgment and Commitment indicating that the federal term of imprisonment run concurrent to the state court term of imprisonment.

---

[2] "Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  18 U.S.C. § 3584(a).

4

**DISCUSSION**

A federal prisoner may seek judicial relief pursuant to 28 U.S.C. § 2241 in the district in which he is incarcerated for matters that relate to the execution of a term of imprisonment. Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995); Barden v. Keohane, 921 F.2d 476, 477 (3d Cir. 1991). However, inmates must exhaust administrative remedies available to them through the BOP before proceeding on a § 2241 habeas corpus petition. See United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006); Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993) (jail time credits); see also Blom v. Folino, No. 06-2178, 2006 WL 3051794 (3d Cir. Oct. 27, 2006) (*nunc pro tunc* designations).

Pursuant to 18 U.S.C. § 3585(b), the Attorney General, through the BOP, has authority to compute sentence credit once a defendant begins serving his sentence. See United States v. Wilson, 503 U.S. 329, 336 (1992). The BOP has issued a program statement and administrative procedure to address the very concern that petitioner currently presents to the court based on the Third Circuit's opinion in Barden v. Keohane, 921 F.2d 476 (3d Cir. 1990).[3]  See BOP Program Statement No. 5160.05, Designation of

---

[3] Barden confirmed that the BOP has broad statutory authority pursuant to 18 U.S.C. § 3621(b) to designate a state facility *nunc pro tunc* as a place of federal confinement.  921 F.2d at 481.  In Barden, the Third Circuit held that the BOP is obligated to determine whether a *nunc pro tunc* designation may be appropriate in light of the particular circumstances of a case when a federal
(continued...)

5

State Institution for Service of Federal Sentence, Jan. 16, 2003. Pursuant to that program statement, the BOP contacts the sentencing court and considers the sentencing court's intent and numerous other factors in determining whether a *nunc pro tunc* designation is appropriate.

Subsequent to the filing of the petition, in a letter dated November 10, 2006, the BOP wrote to the court requesting its opinion as to whether a *nunc pro tunc* designation in petitioner's case would be appropriate. In response, the court informed the BOP that it is the unequivocal position of the court that a retroactive concurrent designation is appropriate in petitioner's case and would be consistent with the court's intent at sentencing. Based upon the BOP's letter, it is clear that petitioner has not exhausted the administrative remedies available to him by the BOP. Therefore, to the extent petitioner moves the court to order the BOP to credit his federal sentence, the court dismisses the § 2241 petition without prejudice.

However, to the extent petitioner moves the court to issue a modified Judgment and Commitment in Criminal No. 00-363(DSD/JMM), the court grants the petition for the reasons stated in its letter to the BOP. The court was not aware that primary jurisdiction

---

[3](...continued)
prisoner seeks credit for time served pursuant to a state court sentence that the state court ordered be served concurrently. <u>Id.</u> at 478.

resided with the state of Minnesota at the time petitioner was sentenced. Because the court was unaware that the federal government did not have primary jurisdiction over petitioner, the court was silent as to whether the term of imprisonment should run concurrent to any term of imprisonment imposed in the state case. To clarify the resultant ambiguity, the court will modify the Judgment and Commitment in Criminal No. 00-363(DSD/JMM) as follows:

> The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 108 months, said sentence to begin immediately and run concurrently with any sentence imposed by the Anoka County District Court in docket number K7-01-000751.

Cf. United States v. Sumlin, 317 F.3d 780, 782 (8th Cir. 2003) (federal court has authority under § 3584(a) to order a federal sentence to run consecutive to a state court sentence not yet imposed); United States v. Mayotte, 249 F.3d 797, 798-99 (8th Cir. 2001) (same). Therefore, the court grant's the § 2241 petition in part.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that petitioner's § 2241 petition is granted in part and dismissed in part without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  December 26, 2006

s/David S. Doty
David S. Doty, Judge
United States District Court
